IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAFAEL PUENTES SUAREZ,

Petitioner,

v. No. 2:26-cv-02303-KG-JFR

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Rafael Puentes Suarez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. For the reasons below, the Court denies the Petition.

Petitioner, a native and citizen of Cuba, entered the United States in 2022 without inspection or parole. Doc. 1 at 3. U.S. Border Patrol apprehended him, issued a notice to appear, and released him on his own recognizance. *Id.* Petitioner has no criminal history and, for the past three years, has maintained steady employment. *Id.* at 4.

On November 6, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner at a scheduled check-in in Florida. *Id.*

While Petitioner was detained in the Middle District of Florda, a district court there granted a petition for a writ of habeas corpus and ordered the Government to provide him with an individualized bond hearing. *Id.* Shortly thereafter, an immigration judge held a hearing but denied bond, finding that Petitioner failed to meet his burden to establish that he is not a flight risk. *Id.* at 5; Doc. 6 at 2–3. Petitioner then moved to enforce his custody status change, and both requests were denied on the ground that Petitioner had already received an adequate bond hearing. Doc. 6 at 3.

ICE authorities transferred Petitioner to Otero County Processing Facility in Estancia, New Mexico, where he remains. *Id.* at 3–4. An immigration judge has ordered Petitioner removed to Ecuador—Petitioner's appeal of that decision remains pending with the Board of Immigration Appeals. *Id.*

Petitioner now challenges his detention on three grounds. First, he argues that he is subject to detention under 8 U.S.C. § 1226(a) rather than a more restrictive provision of the Immigration and Nationality Act ("INA"). *Id.* at 5–6. Second, he claims that he has not received adequate pre-deprivation process under the Fifth Amendment's Due Process Clause. *Id.* at 6. Third, he argues that the immigration judge's bond denial was arbitrary and an abuse of discretion. *Id.* at 7. The Government opposes the Petition. *See* Doc. 6.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this

second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border. He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received an adequate bond hearing. At that hearing, the immigration judge considered the record and found that Petitioner failed to carry his burden of showing he is not a flight risk. Doc. 6 at 3. That is all § 1226 and due process require. The Court's role is not to reweigh that determination, but to ensure the process itself was adequate. This case is unlike those in which an immigration judge refuses to hold a bond hearing or refuses to reach the merits. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.). Here, the immigration judge held a hearing and decided the issue.

For the reasons above, the Court denies the Petition, Doc. 1. Petitioner may file a new Petition if his circumstances change.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.